FILED - GR
August 26, 2008 12:46 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mrs    /

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Orangenel Jones**, | ) | |
| | ) | |
| Plaintiff, | ) | 1:08-cv-809 |
| | ) Hon. | **Robert Holmes Bell** |
| v. | ) | **US District Judge** |
| | ) | |
| **Nationwide Collection Agencies, Inc.**, | ) | |
| a Michigan corporation, doing business as | ) | |
| **Money Recovery Nationwide**, | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint**

**I.   Introduction**

1. This is an action for damages, declaratory relief and injunctive relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*; and the Michigan Credit Services Protection Act ("MCSPA"), M.C.L. § 445.1821 *et seq.*

**II.   Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

1

### III. Parties

3. Plaintiff Orangenel Jones (formerly Orangenel Snead) is a natural person residing in Kent County, Michigan. Ms. Jones is a "consumer" as the term is defined and used in the FDCPA. Mr. Jones is a "consumer" and a "debtor" as the terms are defined and used in the MCPA. Mr. Jones is a "buyer" and a "person" as the terms are defined and used in the MCSPA.

4. Defendant Nationwide Collection Agencies, Inc. ("Nationwide"), doing business as Money Recovery Nationwide, is a Michigan corporation, with offices at 801 South Waverly Road, Suite 100, Lansing, Michigan 48917. Nationwide's registered agent in Michigan is Rebecca T. Weed, 801 South Waverly Road, Suite 100, Lansing, Michigan 48917. Nationwide is licensed (No. 2401000664) by the State of Michigan as a collection agency. Nationwide is a "debt collector" as the term is defined and used in the FDCPA. Nationwide is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA. Nationwide is a "credit services organization" as the term is defined and used in the MCSPA.

### IV. Facts

5. Ms. Jones incurred various debts for personal, family and household purposes.

6. Apparently, the original creditors or their successor(s) in interest hired Nationwide to collect the debts from Ms. Jones. Alternatively, Nationwide purchased the debts after the debts were in default.

7. In August 2008, Ms. Jones received by mail from Nationwide, a five-page "List of Accounts" dated August 11, 2008. The List of Accounts contained information regarding thirty-six accounts. Thirty-four of the thirty-six accounts were for medical services rendered between 1989 and 1998. One of the thirty-six accounts was for a gift shop charge in 2000. The remaining

account was for a co-pay of $25.00 in connection with medical services rendered on March 26, 2008. The List of Accounts stated a "Grand Total" of $3,481.49. The List of Accounts stated at the end of the document: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." There was no cover letter or other information included with the List of Accounts. A copy of the List of Accounts is attached hereto as Exhibit A.

8. Ms. Jones does not dispute the $25.00 co-pay related to the medical services rendered on March 26, 2008 and is making arrangements to pay the creditor directly.

9. Ms. Jones disputes the remaining thirty-five accounts named in the List of Accounts.

10. The remaining thirty-five accounts are judicially unenforceable by operation of the applicable statute of limitation. Stated differently, the remaining thirty-five debts are time-barred.

11. The FDCPA states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [various information]." 15 U.S.C. § 1692g(a).

12. Nationwide failed to send Ms. Jones a written notice that complied with 15 U.S.C. § 1692g(a) for each of the debts listed in the List of Accounts.

13. In August 2008, Ms. Jones telephoned Nationwide and was transferred to a Nationwide employee identified as Bert. The Nationwide employee falsely stated that before he

could proceed, "for security purposes" Ms. Jones was required to disclose her place of employment. Ms. Jones stated that she had received the List of Accounts with no cover letter or other information. Ms. Jones asked why Nationwide had sent her the List of Accounts, given that the debts were so old. In the ensuing conversation, the Nationwide employee made the following false representations:

a) The balances were still due and before Nationwide proceeds with other action, Nationwide was trying to work things out voluntarily.

b) These are account stated balances.

c) Nationwide had sent a letter to Ms. Jones on July 24, 2008, regarding only the Dr. Condit bill for $25.00, and that Ms. Jones had a period of thirty days from the dated of that notice to request validation of the debt.

d) Ms. Jones was not entitled to any documentation regarding the other debts on the List of Accounts because they are so old, that neither Nationwide nor the creditors are required to maintain any records of the debts.

e) The List of Accounts is the only documentation Ms. Jones ever will receive regarding the thirty-five old accounts.

f) If Ms. Jones would agree to payment arrangements, then Nationwide's employee was authorized to make certain that the accounts will not affect her credit report.

g) When Ms. Jones stated that she disputed and refused to pay the thirty-five old accounts, Nationwide's employee stated: "Then we will actually have to proceed with other collection measures" against Ms. Jones.

h) When Ms. Jones stated that she disputed and refused to pay the thirty-five old

accounts because they were too old and because Nationwide had no proof that the debts had not been paid, Nationwide's employee stated that Ms. Jones' dispute was not valid.

i) There comes a point in time that the federal law states that a creditor does not have to maintain records and the debt is just assumed to be valid.

14. Nationwide falsely represented or implied that Ms. Jones could be sued to collect time-barred debts.

15. Nationwide falsely represented or implied that the thirty-five old debts could harm Ms. Jones' credit.

16. Nationwide falsely represented or implied that because Ms. Jones had not disputed the thirty-five old debts at some point in the past, Ms. Jones no longer could dispute the validity of the debts.

17. The unlawful debt collection methods, acts and practices of Nationwide and its employees were willful. The violations of the MCPA and MCSPA by Nationwide and its employees were willful.

18. As an actual and proximate result of the acts and omissions of Nationwide and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.  Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

19. Plaintiff incorporates the foregoing paragraphs by reference.

20. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

　　a)　Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt.

　　b)　Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

　　c)　Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

　　d)　Defendant violated 15 U.S.C. § 1692g by failing to provide plaintiff with notice that complied with the FDCPA.

**Wherefore,** plaintiff seeks judgment against defendant for:

　　a)　Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

　　b)　Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

　　c)　Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

　　d)　A declaration that defendant's practices violate the FDCPA; and

　　e)　Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

21. Plaintiff incorporates the foregoing paragraphs by reference.

22. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Count 3 - Michigan Credit Services Protection Act

23. Plaintiff incorporates the foregoing paragraphs by reference.

24. Defendant has violated the MCSPA, M.C.L. § 445.1823.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) A declaration that these defendant's practices violated the MCSPA, pursuant to M.C.L. § 445.1824(b);

b) Actual damages, pursuant to M.C.L. § 445.1824(c);

c) Punitive damages, pursuant to M.C.L. § 445.1824(c); and

d) Reasonable attorney fees and court costs, pursuant to M.C.L. § 445.1824(c).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: August 26, 2008

*[signature]*

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com